Macay, Judge.
This must be considered as a sale, and the sum bid, as the price or purchase money; and as the parties had contracted that bond and security should be given for the purchase money, with interest from the date, Dickerson becoming the highest bidder, Collins is entitled to one half of the purchase money, with interest thereon, from the day of sale until paid. And on receiving the principal and interest, he shall all do such acts as shall secure to the defendant Dickerson, an estate in fee-simple, in said lands.
Taylor.—I cannot, after a frequent revision of my first impressions in this case, reconcile my mind to any other construction of the agreement, than that which requires the purchaser to give bond and security for the whole amount of the purchase money. There is surely weight in the argument, that as the bidding was confined to the partners, the purchaser cannot be understood to have bought his own right, which remained as it was before the sale, and could not be an ingredient, in his estimation of the price. The spirit of the *443 agreement seems to be, that any one of the partners may buy out the other two, or that any two may buy out the third; and that the highest sum bid, shall be the consideration of the shares so purchased. So material a change of the contract, as that of lessening the price in the proportion of the purchaser’s share, ought not to be made, without the most clear and explicit understanding of the parties; or unless it resulted plainly from the words of the agreement. As the interest of these parties was before the sale, equal, it appears to me, no one could bid more than he was willing to give, constantly keeping in view, that he was purchasing what belonged to others, and not that which he already owned. Indeed so far as any light is reflected from usage, it is favourable to such a a construction; particularly to the case of joint owner of vessels setting them up to the highest bidder, and excluding strangers.
Hall,—It is the wish of the parties, that this agreement should be carried into effect. Collins insists that he is intitled to half, and not a third only, of the purchase money; Dickerson insists, and Allen agrees with him in opinion, that he is intitled only to a third of it. I think it must have been the understanding of the parties that bonds should be executed, in a reasonable time after the sale; otherwise interest from the sale to the time of executing them would be lost. It is true, Dickerson alledges as a reason for not having made a tender of them sooner, the difficulty he met with in procuring a deed to be drawn for the land, which would meet with the approbation of Collins. Be this as it may, I think Collins is entitled to interest from the time of the sale to the time of the tender of the bonds, on whatever *444 principal sum is due to him. I also think he is entitled to interest from that time until payment shall be made, provided he is intitled to one half, instead of one third of the purchase money. This seems to be the great point on which the parties differed in opinion, and which prevented them front carrying the contract into effect. If the land had been exposed to public sale, the purchaser would have been compelled to pay the full amount of the money bid, because it would have been understood to be the value of the land, and the purchaser would have had no interest in it until it was sold. If at such sale, one of the owners of the land had bid for it, which he might have done, the money bid by him would also have been considered as the value of the land; but he would have been entitled to a deduction of one third, on account of his interest in it. The only difference between such sale and the one in question, is, that the liberty of bidding was reserved to the proprietors only. Why was it thus exposed to sale? In order that the value of it might be ascertained; that he who fixed the highest value on it should become the purchaser; but being already owner of a third of it, I think he is on that account entitled to a deduction of one third of the amount bid for the land. In the case of a sale made by a company of merchants, of any article, as mentioned by Dickerson’s counsel, if one of the company became the purchaser, he would be charged in the books of the company, with the full amount of the money bid by him; but being one of the company, he would be entitled to a credit equal to his interest in the concern. It has been alledged by Collins, that Dickerson bid off the land for himself and Allen, under some agreement made by them for *445 that purpose. I cannot see how that circumstance can affect the case. They had a right certainly to make such a contract, or any other that did not interfere with the one they had made with Collins.
It is no matter for whose benefit it was bid off by Dickerson, provided, he acted up to that agreement. When £ 3060 were bid for the land, Collins might have bid more, if he thought that sum under the full value; he did not chuse to do so, because (the presumption is) he supposed it was not worth more. If indeed Collins had not been able to purchase their rights, upon the terms on which the sale took place, or if he had been misled by false appearances, by them held out for that purpose, and on either of these accounts the land had fold for less than its value, because they did not bid against each other, and that for the purpose of defrauding him, there would be something in the allegation. This, however, it does not appear was the case. I am therefore of opinion, that Collins is entitled to one third of the purchase money only, with interest thereon from the time of the sale until he refused to execute the deed, &c. that from that time until he shall execute the deed, interest shall stop; that Dickerson upon the execution of a sufficient deed, shall either pay the aforesaid principal and interest, or cause the sum to be paid in a short time.
Decree.—That the purchase money, that is to say, the one half of the sum bid, with interest from the day of sale, be paid to Josiah Collins; and on the receipt of said sum and interest, that Josiah Collins shall convey the land so purchased in see.